UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JEAN PALACIOS and DYLAN SALCEDO, on
behalf of themselves and those similarly situated,

                                              Plaintiffs,

              -against-

EASTHAMPTON WIRELESS INC. d/b/a
AT&T WIRELESS, and TODD POWELL,
jointly and severally,

                                    Defendants.
----------------------------------------------------------------------X

**CLASS AND
COLLECTIVE
ACTION
COMPLAINT**

Civ. Action No.

**JURY TRIAL
DEMANDED**

Plaintiffs JEAN PALACIOS ("PALACIOS") and DYLAN SALCEDO ("SALCEDO"), (collectively "Plaintiffs"), by and through their attorneys, SAHN WARD BRAFF KOBLENZ PLLC, complaining of Defendants, EASTHAMPTON WIRELESS INC. d/b/a AT&T WIRELESS ("EASTHAMPTON"), and TODD POWELL ("POWELL") (collectively "Defendants"), on behalf of themselves and other similarly situated current and former employees of the Defendants and those who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b) and Fed. R. Civ. P. ("FRCP"), Rule 23, allege as follows:

**NATURE OF THE ACTION**

1.     Plaintiffs allege on behalf of themselves and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the FLSA, 29 U.S.C. §216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §8201 et seq.

2.     Plaintiffs further complain, on behalf of themselves and a class of other similarly

situated current and former employees of Defendants pursuant to FRCP 23, that they are entitled to recover their unpaid wages under Article 6 of the New York Labor Law ("NYLL"), including §191, and are entitled to liquidated damages/penalties and attorneys' fees pursuant to §§193 (1-a) and198 of the NYLL.

3.    Plaintiffs further complain, on behalf of themselves and a class of other similarly situated current and former employees of the Defendants, pursuant to NYLL §191, that they are entitled to damages for being paid on a monthly basis, as opposed to a weekly basis, as required by the NYLL, as Plaintiffs are manual laborers.

4.    Plaintiffs further complain, on behalf of themselves and a class of other similarly situated current and former employees of the Defendants that they are entitled to damages for not receiving a Notice of Pay Rate as is required by the New York State Wage Theft Prevention Act ("NYS WTPA").

5.    Plaintiffs further complain, on behalf of themselves and a class of other similarly situated current and former employees of the Defendants, that they are entitled to damages for not receiving detailed paycheck stubs each pay period Rate as is required by the NYS WTPA.

6.    Plaintiff, DYLAN SALCEDO, further complains, on behalf of himself, that he was retaliated against and terminated by Defendants, in violation of the Section 15(a)(3) of the FLSA, for complaining about Defendants unlawful pay practices and is entitled to lost wages plus liquidated damages equal to the amount of lost wages.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, conferring original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

8.      This Court has supplemental jurisdiction over Plaintiffs' NYLL violation allegations as they arise out of the same facts as Plaintiffs' FLSA violation allegations under 28 U.S.C. §1367.

9.      Venue is appropriate in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) since the allegations arose in this district, Defendants do business in this district, and the named Plaintiffs reside in this district.

10.     This Court is permitted to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

### A. Plaintiffs

11.     Named Plaintiffs were, at all relevant times, residents of East Hampton, County of Suffolk, State of New York.

12.     At all times relevant herein, Plaintiffs and all similarly situated individuals were "employees" within the meaning of FLSA, 29 U.S.C. §203(e) and NYLL §190(2) and were or are employed by Defendants at their 106 Park Place, East Hampton, New York 11937 location.

13.     At all times relevant herein, Plaintiffs and all similarly situated individuals were classified as non-exempt employees within the meaning of the FLSA, 29 U.S.C. §213.

14.     At all times relevant herein, Plaintiffs and all similarly situated individuals were manual laborers within the meaning of NYLL §191.

### B. Defendants

15.     Upon information and belief, at all relevant times herein, Defendant, EASTHAMPTON, is owned and operated by Defendant, POWELL, with a principal place of business located at 106 Park Place, East Hampton, New York 11937.

16.     Defendant, EASTHAMPTON, was and is an "employer" within the meaning of FLSA, 29 U.S.C. §203(d) and NYLL §190(3).

17.     Upon information and belief, at all relevant times herein, Defendant, POWELL, resided at 361 Madison Street, Sag Harbor, New York 11963.

18.     Defendant, POWELL, was and is an "employer" within the meaning of FLSA, 29 U.S.C. §203(d) and NYLL §190(3).

19.     As owner, Defendant, POWELL, has final authority to assign work responsibilities, bring disciplinary charges, transfer employees, and set the employment policies and make decisions related to the employment practices for Defendant, EASTHAMPTON.

20.     During Plaintiffs' term of employment by Defendants, Defendant-POWELL was in a position of authority over Plaintiffs, maintained a supervisory role over Plaintiffs, and had authority to undertake and/or recommend tangible employment decisions and/or control the terms and conditions of Plaintiffs' employment.

21.     Defendant, POWELL, participated in and was directly responsible for the unlawful conduct complained of herein.

22.     As owner at all relevant times herein, Defendant, POWELL, acted directly or indirectly on behalf of Defendant, EASTHAMPTON, in relation to overseeing the payroll practices of Defendant, EASTHAMPTON, and determining whether employees were properly compensated in accordance with the FLSA and NYLL.

23.     Defendant, POWELL, in whole or in part, has been involved in the hiring and/or firing of Plaintiffs and other similarly situated employees, has controlled the work schedule and conditions of employment, determined the rate and method of pay, and maintained payroll records relating to the employment of Plaintiffs and all other similarly situated employees.

## COLLECTIVE ACTION ALLEGATIONS

24.    Named Plaintiffs, PALACIOS and SALCEDO, bring this action on behalf of themselves and all other similarly situated employees as authorized under 29 U.S.C. §216(b). The employees similarly situated for purposes of the collective action are all of Defendants' current and former employees who in the last six years:

a.    worked in excess of forty (40) hours in one or more workweeks during that time period, who elect to opt into this action and who suffered or were permitted to work by Defendants and were not paid overtime compensation at rates not less than one and one-half (1 ½) times the regular rate of pay for hours worked over forty (40) hours per workweek in violation of the FLSA; and/or

b.    received their pay on a monthly basis in violation of violation of the NYLL; and/or

c.    did not receive a Notice of Pay Rate at or before time of hire and/or detailed paychecks stubs each pay period in violation of the WTPA.

25.    Defendants willfully operated their business without paying overtime for hours worked over forty (40) in a workweek to named Plaintiffs, PALACIOS and SALCEDO, and other similarly situated employees in violation of the FLSA. Similarly situated employees are known to Defendants and readily identifiable by Defendants through Defendants' payroll records.

26.    The collective action class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown and the facts on which the calculation of that number would be made are presently within the sole control of Defendants, upon information and belief, approximately 40 Collective Action

Members exist during the Class Period, most of whom would not be likely to file individual suits due to lack of adequate financial resources, lack of access to legal representation, and/or lack of knowledge of their claims.

27.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interest that is contrary to or in conflict with the members of this collection action.

28.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively modest, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. No difficulty exists in the management of this action as a collective action.

29.     Common questions of fact and law exist as to the Class that predominate over any questions solely affecting the individual Class Members, including but not limited to:

a.     Whether Defendants employed Plaintiffs and Collective Action Members, within the meaning of the FLSA and NYLL;

b.     Whether Defendants failed and/or refused to pay Plaintiffs and the Collective Action Members premium pay for all hours worked in excess of forty (40) per workweek, violating the FLSA and NYLL;

c.     Whether Defendants' violations of the FLSA are willful, as that term is used within the context of the FLSA;

d.     Whether Defendants failed and/or refused to pay Plaintiffs and the Collective

Action Members on weekly basis, violating the NYLL;

e.      Whether Defendants failed and/or refused to provide Plaintiffs and the Collective Action Members with Notice of Pay Rate and/or detailed paycheck stubs each pay period;

f.      Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, statutory, and punitive damages, interest, costs and disbursements, and attorneys' fees;

g.      Whether Defendants should be enjoined from such violations of the FLSA and NYLL in the future; and

h.      Whether the statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

30.      Therefore, named Plaintiffs, PALACIOS and SALCEDO, should be permitted to bring this action as a collective action for and on behalf of those employees similarly situated pursuant to the opt-in provision of the FLSA, 29 U.S.C. §216(b).

## CLASS ALLEGATIONS

31.      Plaintiffs also sue on their own behalf and on behalf of a class of persons under FRCP 23(a), (b)(2) and (b)(3).

32.      Plaintiffs bring their NYLL claims on behalf of all persons who Defendants are employing and have employed in the State of New York at any time since June 6, 2017, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the NYLL and who were not paid overtime compensation at rates not less than one and one-half (1 ½ ) times the regular rate of pay for hours worked in excess of forty (40) per week.

33.     The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown and the facts on which the calculation of that number would be made are presently within the sole control of Defendants, upon information and belief, approximately 40 Class Members exist during the Class Period.

34.     Plaintiffs' claims are typical of the claims of the Class, and a class action is superior to other available methods for the fair, just and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court.

35.     Defendants have acted, or refused to act, on grounds applicable to the class, thereby making final injunctive relief or corresponding declaratory relief with respect to the class as a whole appropriate.

36.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

37.     Plaintiffs have the same interest in this matter as all other members of the class and Plaintiffs' claims are typical of the Class.

38.     Common questions of fact and law exist as to the Class that predominate over any questions solely affecting the individual Class Members, including but not limited to:

a.      Whether Defendants employed Plaintiffs and Class Members, within the meaning of the FLSA and NYLL;

b.      Whether Defendants failed and/or refused to pay Plaintiffs and the Class Members premium pay for all hours worked in excess of forty (40) per workweek. violating the FLSA and NYLL;

c.     Whether Defendants failed and/or refused to pay Plaintiffs and the Class Members on a weekly basis, violating the NYLL;

d.     Whether Defendants failed and/or refused to provide Plaintiffs and the Class Members with a Notice of Pay Rate and/or detailed paycheck stubs each pay period;

e.     Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, statutory, and punitive damages, interest, costs and disbursements, and attorneys' fees;

f.     Whether Defendants should be enjoined from such violations of the FLSA and NYLL in the future; and

g.     Whether the statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

## STATEMENT OF FACTS

39.     At all relevant times herein, upon information and belief, Defendant, EASTHAMPTON, was and is an enterprise engaged in the business of technological device sales and repair services.

40.     At all relevant times herein, upon information and belief, Defendant, POWELL, was and is the owner and operator of Defendant, EASTHAMPTON.

41.     Defendants employed Plaintiff, PALACIOS, was an hourly Sales Associate from on or about July 21, 2019 until on or about January 29, 2022.

42.     Plaintiff, PALACIOS, was compensated at a rate of $15.00 per hour from July 21, 2019 until January 4, 2020; at a rate of $15.75 per hour from January 5, 2020 until May 30, 2020; at a rate of $19.00 per hour from May 31, 2020 until March 30, 2021; and at a rate of $27.00 per hour from March 31, 2021 until January 29, 2022.

43.     Defendants employed Plaintiff, SALCEDO, as an hourly Sales Associate from on or about August 23, 2020 until on or about January 9, 2023.

44.     Plaintiff, SALCEDO, was compensated at a rate of $15.00 per hour during his employment.

45.     As Plaintiffs were paid on an hourly basis, rather than salary basis, they are classified as non-exempt employees under the meaning of the FLSA and NYLL.

46.     The regular work schedule for Plaintiffs and other Class and Collect Action Members was from 10:00 AM to 6:00 P.M. or 11:00 A.M. to 7:00 P.M. on Monday through Friday, however, Defendants frequently required their employees to work from 10:00 A.M. to 7:00 P.M. from Monday through Saturday, resulting in the employees working fifty-four (54) hours per week.

47.     Plaintiffs and the Class and Collective Action Members did not receive uninterrupted meal periods.

48.     Defendants did not provide sufficient coverage during the day to ensure that Plaintiffs and the Class and Collective Action Members could receive uninterrupted meal breaks without having to tend to customers.

49.     Defendants did not pay Plaintiffs and the Class and Collective Action Members premium pay of one and one-half (1 ½) times their regular rate of pay for each hour they worked in excess of forty (40) hours per workweek.

50.     Plaintiffs and the Class and Collective Action Members were and are manual laborers within the meaning of NYLL §191 as they expended more than 25% of their workday performing manual labor.

51.     As manual laborers, Plaintiffs and the Class and Collective Action Members were

entitled to be paid weekly under NYLL §191.

52.    Defendants paid Plaintiffs and the Class and Collective Action Members on a monthly basis in violation of NYLL §191.

53.    Defendants failed to provide Plaintiffs and the Class and Collective Action Members with a Notice of Pay Rate upon hiring in violation of the NYS WTPA.

54.    Defendants failed to provide Plaintiffs and the Class and Collective Action Members with paycheck stubs for each pay period in violation of the NYS WTPA.

55.    On January 9, 2023, in retaliation against Plaintiff, SALCEDO, for opposing the Defendants' unlawful payment practices, Defendants wrongfully terminated Plaintiff, SALCEDO, in violation of §215 of the FLSA.

**AS AND FOR A FIRST CAUSE OF ACTION – FLSA (OVERTIME)**
**Brought on Behalf of the Plaintiffs and the Collective Action Members**

56.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "55", inclusive, with the same force and effect as though each were fully set forth herein at length.

57.    At all relevant times herein, Defendants have been and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

58.    At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

59.    At all relevant times herein, Defendants employed and/or continue to employ Plaintiffs and each Collective Action Member within the meaning of the FLSA.

60.    Upon information and belief, at all relevant times, Defendant, EASTHAMPTON, has had gross revenues in excess of $500,000.00.

11

61.     Plaintiffs consent in writing to be a party to this action 29 U.S.C. §216(b). Plaintiffs' written consent is attached hereto and incorporated by reference.

62.     Defendants were required to pay Plaintiffs and the Class and Collective Action Members one and one-half (1 ½) times the regular rate for hours worked in excess of forty (40) in one workweek under the overtime wage provisions of the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §207 and 29 U.S.C. §215.

63.     At all relevant times herein, Defendants regularly engaged in the practice of not paying overtime compensation to Plaintiffs and the Class and Collective Action Members for their hours worked in excess of forty (40) in one week.

64.     As a result of Defendants' violation of the FLSA, Plaintiffs and the Class and Collective Action Members have suffered damages by being denied overtime wages owed in accordance with the FLSA in an amount to be determined at trial, and are entitled to the recovery of such amount, an equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, costs, and any other relief deemed just and proper by this Court under 29 U.S.C. §216(b).

65.     Defendants' violation of the FLSA was willful, in that the violation occurred knowingly or with reckless disregard for the law.

66.     As a result of the Defendants' failure to record, report, credit and/or compensate Plaintiffs and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et. seq.,* including 29 U.S.C. §§207(a)(1) and 215(a).

67.     As Defendants' violations of the FLSA have been willful, a three year statute of

limitations applies under 29 U.S.C. §255 and should be equitably tolled for a six-year statute of limitations.

68.     As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION – NYLL (OVERTIME)**
**Brought on Behalf of Plaintiff and the Rule 23 Class Members**

69.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "68" inclusive, with the same force and effect as though each were fully set forth herein at length.

70.     Defendants are employers within the meaning of NYLL §§190, 196-d, 651(5), 652, and supporting New York State Department of Labor Regulations.

71.     At all relevant times herein, Defendants employed Plaintiffs and the Class and Collective Action Members within the meaning of NYLL §§190(2) and 651.

72.     Pursuant to the NYLL, and the related New York State Department of Labor regulations, Defendants were required to pay Plaintiffs and the Class and Collective Action Members one and one-half (1 ½) times their regular rate of pay for all hours worked in excess of forty (40) in one (1) workweek.

73.     Defendants regularly failed to pay Plaintiffs and the Class and Collective Action Members overtime wages to which they were entitled under the NYLL.

74.     Defendants have willfully violated the NYLL by knowingly or recklessly failing to pay the Plaintiffs and the Class and Collective Action Members the owed amount of overtime

wages.

75.     As a result of Defendants' willful violation of the NYLL, Plaintiffs and the Class and Collective Action Members have suffered damages by being denied overtime wages owed in accordance with the NYLL in an amount to be determined at trial, and are entitled to the recovery of such amount, an equal amount as liquidated damages, pre and post-judgment interest, reasonable attorneys' fees, costs, and any other relief deemed just and proper by this Court.

**AS AND FOR A THIRD CAUSE OF ACTION – NYLL (PAYMENT FREQUENCY)**
**Brought on Behalf of Plaintiff and the Rule 23 Class Members**

76.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "75", inclusive, with the same force and effect as though each were fully set forth herein at length.

77.     Workers who expend at least twenty-five (25%) percent of their time engaged in physical labor are classified as manual laborers under NYLL §191.

78.     Manual laborers are required to be paid weekly under NYLL §191.

79.     Manual laborers must receive pay within seven (7) calendar days of the week worked under NYLL §191.

80.     Plaintiffs and the Class and Collection Action Members were manual laborers under NYLL §191 as the performed physical labor more than twenty-five (25%) percent of their workday.

81.     Plaintiffs and the Class and Collective Action Members were entitled to be paid weekly as manual laborers.

82.     Defendants paid Plaintiffs and the Class and Collective Action Members on a monthly basis in violation of NYLL§191.

83.     Defendants paid Plaintiffs, and upon information and belief, the Class and Collective Action Members, on a monthly basis, willfully violating the NYLL by knowingly or recklessly disregarding the law.

84.     As a consequence of the Defendants failure to remit payment of wages on a weekly basis, Plaintiffs and the Class and Collective Action Members are entitled to damages equal to the amount of wages they should have been paid each week as liquidated damages for such violation.

85.     As a consequence of the Defendants failure to remit payment of wages on a weekly basis, Plaintiffs and the Class and Collective Action Members are also entitled to recover pre- and post-judgment interest, court costs and reasonable attorneys' fees.

### AS AND FOR A FOURTH CAUSE OF ACTION –
### WTPA (Failure to Provide Notice of Pay Rate)
### Brought on Behalf of Plaintiff and the Rule 23 Class Members

86.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "85", inclusive, with the same force and effect as though each were fully set forth herein at length.

87.     Defendants failed to provide Plaintiffs and the Class and Collective Action Members with a Notice of Pay Rate at or before their respective times of hire.

88.     Such Notices of Pay Rate must be in writing and must include (a) the employee's rate or rates of pay, including overtime rate of pay (if applicable), (b) how the employee is paid (i.e. by hour, shift, day, week, commission, etc.), (c) when payday is, (d) the official name of the employer and any other names used for the business (also known as the d/b/a), (e) the address and phone number of the employer's main office or principal location, and (f) any allowances taken as part of the minimum wage, as required by NYLL §195(1).

89.     NYLL §195(1) states that an employer is liable for a per diem penalty of $50.00

per day, not to exceed $5,000.00, for each employee who is not provided a Notice of Pay Rate Failure in violation of NYLL §195(1).

90.     As Defendants have failed to provide the Notice of Pay Rate to Plaintiffs for more than one hundred (100) days, Defendants are obligated to pay each Plaintiff, and all similarly situated Class and Collective Action Members, the sum of $5,000.00 pursuant to NYLL §195(1), plus pre- and post-judgment interest, court costs and reasonable attorneys' fees.

**AS AND FOR A FIFTH CAUSE OF ACTION –**
**WTPA (Failure to Provide Paycheck Stubs)**
**Brought on Behalf of Plaintiff and the Rule 23 Class Members**

91.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "90", inclusive, with the same force and effect as though each were fully set forth herein at length.

92.     NYLL §195(3) requires Defendants to provide every employee with a paycheck stub that includes (a) the employer's name, address, and phone number, (b) the employee's name, (c) the dates covered by the payment (a/k/a the pay period), (d) the basis of payment (hourly, salary, commission, etc.), (e) the rates paid (regular and overtime), (f) the hours worked (regular and overtime), (g) the allowances or credits applied against wages, (h) the gross wages, (i) any deductions from wages taken by statute or otherwise, and (j) the net wages.

93.     The penalty set forth in NYLL §195(3) for failure to provide paycheck stubs is $250.00 per violation with a maximum penalty of $5,000.00 per affected employee.

94.     Defendants failed to provide Plaintiffs and the Class and Collective Action Members with paycheck stubs for each pay period.

95.     Upon information and belief, Defendants' failure to provide Plaintiffs with the Notice of Pay Rate and paycheck stubs pursuant to NYLL §195(1) and (3) was willful, either knowingly or recklessly.

96.    As there have been more than twenty (20) violations, each Plaintiff and all similarly situated Class and Collective Action Members are entitled to $5,000.00 in damages plus pre- and post-judgment interest, court costs and reasonable attorneys' fees.

### AS AND FOR A SIXTH CAUSE OF ACTION – FLSA (RETALIATION)
#### Brought on Behalf of the Plaintiff-SALCEDO

97.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "96", inclusive, with the same force and effect as though each were fully set forth herein at length.

98.    Pursuant to 29 U.S.C. §215(a)(3), it is unlawful for an employer to retaliate against an employee because he or she has opposed any unlawful employment practice.

99.    Plaintiff-SALCEDO complained to Defendants about their unlawful employment practices set forth herein through a demand letter sent to Defendants by counsel on June 7, 2022.

100.    Defendants unlawfully retaliated against Plaintiff-SALCEDO for opposing their unlawful pay practices by terminating his employment.

101.    As the direct and proximate result of the Defendants' unlawful and retaliatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief, including but not limited to lost wages, emotional distress, pre- and post-judgment interest, court costs and reasonable attorneys' fees.

**WHEREFORE,** Plaintiffs on behalf of themselves and all other similarly situated Class and Collective Action Members, respectfully requests that this Court grant the following relief:

1.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their counsel to represent the Class;

2.    Designation of this action as a collective action on behalf of the Collective Action

Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

3.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

4.      An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

5.      An award of unpaid wages and overtime wages due under the FLSA, the NYLL, and/or the New York common law;

6.      An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay wages, and/or overtime wages pursuant to 29 U.S.C. §216, the NYLL and the New York common law;

7.      An award of statutory damages under the NY WTPA;

8.      An award of lost wages and liquidated damages as a result of Defendants' engaging in unlawful retaliatory practices prohibited by the FLSA;

9.      An award of prejudgment and post-judgment interest;

10.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

11.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the FRCP, Plaintiffs demand a trial by jury on all questions of

fact raised by the complaint.

Dated:   Uniondale, New York
       June 6, 2023

                            SAHN WARD BRAFF KOBLENZ PLLC
                            *Attorneys for Plaintiffs*

                            By: _____
                                DANIELE D. DE VOE
                            333 Earle Ovington Blvd, Suite 601
                            Uniondale, New York 11553
                            (516) 228-1300

## **CONSENT TO BECOME A PARTY PLAINTIFF**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of EASTHAMPTON WIRELESS INC. d/b/a AT&T WIRELESS and TODD POWELL to pay me overtime, failure to pay me weekly, failure to provide me with the Notice of Pay Rate and paycheck stubs as is required by the NYS WTPA. I also authorize the filing of this consent in the action challenging such violations of the state and federal laws. I authorize the representative Plaintiffs and designate them as class representatives to act as my agents to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of any agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____    06/07/2023    Jean Palacios
Signature                          Date          Print Name

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of EASTHAMPTON WIRELESS INC. d/b/a AT&T WIRELESS and TODD POWELL to pay me overtime, failure to pay me weekly, failure to provide me with the Notice of Pay Rate and paycheck stubs as is required by the NYS WTPA. I also authorize the filing of this consent in the action challenging such violations of the state and federal laws. I authorize the representative Plaintiffs and designate them as class representatives to act as my agents to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of any agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

06/07/2023        Dylan Salcedo

Signature                Date        Print Name